W. H. Bynum *v.* Cecil Miller.

(*Nashville.*  December Term, 1916.)

**WITNESSES.  Credibility.  Evidence.  Admissibility.**

In an action for slander, although the general rule in Tennessee is that statements of the defendant made subsequent to those on which the suit is founded are inadmissible, testimony of subsequent statements of defendant, that plaintiff had been stealing from defendant's firm for eighteen months or two years and had stolen "from $1,500 to $2,000 worth of stuff," were admissible, when limited to the purpose of reflecting upon the credibility of the defendant and his brother as witnesses and not for the purpose of showing malice.

Cases cited and approved: Saunders v. Baxter, 53 Tenn., 369; Howell v. Cheatham, 3 Tenn., 247; Robinson v. Baker, 78 Tenn., 402; Russell v. Farrell, 102 Tenn., 248; Witcher v. Richmond, 27 Tenn., 473.

---

FROM CANNON.

---

Appeal from the Circuit Court of Cannon County to the Court of Civil Appeals, and by *certiorari* to to the Court of Civil Appeals from the Supreme Court.—Jno. E. Richardson, Judge.

Brown & Brown, for appellant.

Hancock & Houston, J. L. Ewell, H. T. Stewart and Josh Barton, for appellee.

136 Tenn.—38

Mr. Cheif Justice Neil delivered the opinion of the Court.

In actions for slander and libel, the general rule in Tennessee, contrary to what seems the current of authority elsewhere (25 Cyc., 496-498), is that statements of the defendant, made subsequent to those on which the suit is founded, are inadmissible in evidence against him. *Saunders* v. *Baxter,* 6 Heisk. (53 Tenn.), 369, 388-392; *Howell* v. *Cheatham,* Cooke (3 Tenn.), 247-249; *Robinson* v. *Baker,* 10 Lea (78 Tenn.), 402, 405; *Russell* v. *Farrell,* 18 Pick. (102 Tenn.), 248, 251, 52 S. W., 146. In *Witcher* v. *Richmond,* 8 Humph. (27 Tenn.), 473, 475, 476, a distinction was taken to the effect that such testimony was competent for the purpose of showing an admission of the defendant that he had used the words complained of, and his meaning in uttering these words. In the case before us, the trial judge made an additional distinction, and we think, correctly.

The defendant was charged with having used, of and concerning the plaintiff below, the following language, "We have caught Cecil stealing." Again, "I commenced to watch him, and found him to be the damndest rogue I ever saw." When sued, Bynum admitted the use of the words, and pleaded justification. It was in evidence that Cecil Miller had for a long time been accustomed to stay around the store of the Bynums and sell goods there from time to time, though not regularly employed; sometimes making

only occasional sales, and apparently, under such cir-
cumstances, without compensation. The testimony ad-
mitted over the objection of Bynum, defendant below,
consisted of statements made by him to certain wit-
nesses, that Cecil Miller had been stealing from the
firm of Bynum Bros. for about eighteen months or two
years, and had stolen "from $1,500 to $2,000 worth of
stuff." It was in evidence that no effort had ever
been made by Bynum to cause the arrest of Miller.
The trial judge, in admitting the evidence complained
of, instructed the jury that these subsequent statements
could be looked to only for the purpose of reflecting
on the credibility of the defendant and his brother Anse
Bynum as witnesses. Continuing his honor said:

"It is introduced here as an alleged contradictory
statement of what he (Anse Bynum) said here in his
testimony as to what plaintiff had stolen, and is only
to be weighed by you as it may reflect upon the cred-
ibility of that witness, and as to what weight the tes-
timony of Anse Bynum is entitled to."

Substantially the same ruling was made as to simi-
lar statements alleged to have been made by the de-
fendant W. H. Bynum. The same instruction was re-
peated, in substance, in the charge, with the further
direction, in accordance with our cases referred to
supra, that these subsequent statements could not be
looked to for the purpose of showing malice.

There was no error in the action of the trial judge
in admitting the evidence referred to, limiting it as
he did.

Other points are disposed of orally. They were all correctly adjudged by the court of civil appeals. In overruling all of the errors assigned in that court, and in affirming the judgment of the trial court in favor of the plaintiff below, there was no error, and the judgment of that court is therefore in all things affirmed.